Battle, J.
 

 The counsel for the defendant, Allen, who was plaintiff in the Court below, in the suit of
 
 Allen
 
 v.
 
 Summers,
 
 contends that what purported to be a judgment rendered against him, at Spring Term, 1859, was a nullity. 1st, because it was partly in favor of witnesses, not named, and 2ndly, because it was partly in favor of the “ clerk’s office,” which is not a person, either natural or artificial, but only “ a place,” and he concludes, as the judgment was a nullity, no execution could rightfully be issued thereon.
 

 The counsel contends further, that the Court had no right to order the payment of what was due to the officers of the court and witnesses (whose fees and attendance was charged to the plaintiff in that suit) out of the money collected for him, by the sheriff, on the execution against the defendant, Summers.
 

 We are clearly of opinion, that both objections are untenable. What the counsel calls a judgment, is not such an one as is given in favor of one of the parties in an adversary suit; but it is only an order, which every court has a right to make to enforce the taxing and payment of costs to the officers and witnesses. Each party is, at all times, liable to pay his own costs, and wThenever it may be necessary, such pa_yment may be enforced by a rule upon him and an attachment thereon, or by the milder process of
 
 fieri facias
 
 ;
 
 Merritt
 
 v. Merritt, 1 Hay Rep. 20 ;
 
 Superior Court office
 
 v. Lockman, 1 Dev. Rep. 146;
 
 Officer
 
 v. Taylor, Ibid. 99 ;
 
 Clerk of Davidson County Court
 
 v.
 
 Wagner, 4
 
 Ire. Rep. 131. The order in the present case, is very much the same as those made in the cases referred to. The costs were, of course, to be ascertained by the clerk’s taxation, and the name of the clerk’s office was
 
 *158
 
 used as a mere formality, the substance of the order being, that execution should issue to collect what the clerk should find to be due to the officers and witnesses, whose fees, the Court had directed to be taxed against the plaintiff.
 

 Upon the second point, we have no doubt that the Court had the power to appropriate the money in the sheriff’s hands, belonging to the plaintiff in the execution, to the payment of bis own costs, which he, under the order of the Court, was bound to pay. We have seen that such payment might have been enforced by a rule and attachment, and it would be strange that the Court, instead of resorting to that stringent remedy, should not have the power to take the party’s money, then in the custody of one of its officers, and apply it, as the party himself ought to have done, under its order. That the Court does possess such power, seems to be settled both upon reason and authority. See
 
 Armistead
 
 v.
 
 Philpot,
 
 1 Doug. Rep. 230;
 
 Turner
 
 v. Fendall, 1 Cranch Rep. 117, (1 Curtis 361). The judgment of the Superior Court must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.